By the Court.—Sedgwick, Ch. J.
Section 968 of the Code of Civil Procedure is, that in an action in which the complaint demands judgment for a sum of money only, an issue of fact must be tried by a jury, and also in actions of ejectment, for dower, for waste, for a nuisance, or to recover a chattel. Section 969 is, “An issue of fact not specified in the last section must be tried by the court.” It is at once perceived that the test of the kind of trial is not the legal conclusion from the facts averred in the complaint, but is the nature of the demand. If, upon any supposed state of facts set- out in the complaint, the plaintiff claims he has a right to equitable relief, he has the right to present the claim for adjudication to the court at special term, and is not forced in the first instance to a trial by a jury. He has a right to the judgment of the court, and if it be unfavorable to him, then to the advantages of appeal from the judgment. Even if it be perceived that the complaint is clearly insufficient to maintain his demand for equitable relief, he still has the right to have that determined by the special term.
It is suggested in this case that the real substantial demand is for a judgment for a sum of money only. So far as defendant Blumenthal is concerned, it will be necessary for the plaintiff to have the contract reformed by making Blumenthal a party to it, before the claim for damages can be considered against him, and therefore the money demand is secondary to the primary demand for reformation. As to Weinberg, the complaint makes no personal demand, other than such as may be connected with his right to resist the placing of Blumenthal in the contract in his stead. I am of opinion that the plaintiffs had a right to have the issue tried, at least primarily, at special term.
*360 It was asserted that the order appealed from, was made at special term after the case had been called for trial. The printed papers disclose an order made without reference to the case actually being on trial. The court, therefore, had the power to impose costs of motion, without any controversy as to what would have been its power if the order were made in the course of the trial.
The order appealed from should be reversed, with $10 single costs, and the motion below denied, with $10 single costs, and the order entered should provide that the case be placed on the special term calendar for trial.
Van Vorst and Freedman, JJ., concurred.